HILLMAN v. KING.

1. APPEAL AND ERROR—JUDGMENT—CORRECTING DECREE—PARTNERSHIP—ACCOUNTING—RECEIVERS.

In suit for partnership accounting and appointment of receiver, inadvertent recital in decree that defendant employee is member of partnership is corrected, on appeal, without prejudice to any claim he may have as creditor.

2. PARTNERSHIP—ASSETS—UNASSIGNED LEASE—EQUITY.

　　Where lease of gravel pit was covered by oral agreement of partnership and treated as partnership asset during course of partnership business, it is *held* to have belonged to partnership although not formally assigned to it, since equity will consider as done what ought to have been done.

3. SAME—CORRECTING INDEFINITE DESCRIPTION OF LEASE—EQUITY.

　　Where description of gravel pit covered by lease owned by insolvent partnership was too indefinite to be disposed of as firm asset, description adopted by trial court fixing boundaries of pit, after taking testimony thereon, is accepted, on appeal, as fair.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted April 8, 1932. (Docket No. 73, Calendar No. 36,247.) Decided June 6, 1932.

Bill by Floyd W. Hillman against A. D. King and others for an accounting of partnership assets, for appointment of a receiver, and other relief. From decree appointing receiver, plaintiff and defendants King and Hall appeal. Modified and affirmed.

*George E. Pardee* and *H. L. Porter,* for plaintiff.

*C. A. Withey,* for defendants King and Hall.

*Pulver & Bush,* for defendant Bock.

CLARK, C. J. Plaintiff Hillman and defendants King formed a partnership to engage in mining and selling gravel. Donald King had a so-called gravel lease of a pit on the farm of defendant Bock. Plaintiff contributed principally certain machines or tools. The trial judge found the gravel lease an asset of the partnership. The bill was filed for accounting and dissolution. Such relief is provided by decree with appointment of receiver. Defendant

Hall was an employee of the partnership and he contends he is a creditor. The three partners and Hall have appealed.

Hall was not a partner. None of the parties contends that he was. In the decree there is recital that he was a member of the partnership, but the structure of the decree as a whole is on the theory of partnership of plaintiff and defendants King. The recital appears inadvertent and doubtless would have been corrected had the court's attention been called to it. The decree will be corrected accordingly, but, for the reason stated, without costs to Hall. The decree, therefore, will be without prejudice to any claim which Hall may have as creditor.

Defendants King complain of finding the gravel lease a partnership asset. It was not formally assigned but it was covered by the oral agreement of partnership and was during the course of the partnership business treated and regarded as a partnership asset. Equity will consider as done what ought to have been done, and the lease is held to have belonged to the firm. See 20 R. C. L. p. 860; *Johnson* v. *Hogan,* 158 Mich. 635 (37 L. R. A. [N. S.] 889). The lease was of a gravel pit without further helpful description. No one contends it is void or insufficient for want of certainty. In order that it might be disposed of as a firm asset, it was necessary to have more certain description. Accordingly, testimony was taken and it developed that there was a ridge or hill in which the pit had been opened. The trial court concluded the lease gave right "to take out the gravel in that ridge," to mine such gravel as was reasonably in and adjacent to the pit, and, taking note of property lines and elevations of the land surface and the physical state of the property, he fixed boundaries of the pit.

In view of the stated attitude and conduct of parties and counsel, and the necessity of definite description, we think the trial judge acted fairly, and that we cannot improve upon his description.

No other question requires discussion.

Decree, as modified, is affirmed, with costs to appellee against all appellants except Hall, and cause remanded for further proceedings.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.